**In re EMC INDUSTRIES, INC., Post Office Box 606, Easley, South Carolina, Debtor.**

**Bankruptcy No. 80–00276.**

United States Bankruptcy Court,
D. South Carolina.

Jan. 25, 1983.

James H. Cassidy, Greenville, S.C., for trustee.

Ronald W. Urban, Asst. Atty. Gen., State of S.C., Columbia, S.C., for creditor.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

On April 20, 1980, the debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101, et seq.) [1]. The debtor operated its business as a debtor-in-possession pursuant to § 1107(a) [2] and § 1108 [3] until March 9, 1981, when the Chapter 11 case was converted to Chapter 7.

Winston Lee, Trustee of the debtor's estate, filed on July 7, 1982, a Notice of Objection to Proof of Claim of the South Carolina Tax Commission. The South Carolina Tax Commission responded to the objection on July 19, 1982. The matter was heard on August 9, 1982. The issue is whether certain taxes due the South Carolina Tax Commission by the debtor are administrative expenses under § 503(b)(1)(B) [4] or whether they are priority unsecured claims specified in § 507(a)(6)(A) and (C) [5].

---

1. Further reference to sections of the 1978 Code will omit the identically numbered section of Title 11, United States Code.

2. § 1107(a): Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

3. § 1108: Unless the court orders otherwise, the trustee may operate the debtor's business.

4. § 503(b)(1)(B): After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title including—(1)(B) any tax—(i) incurred by the estate, except a tax of a kind specified in section 507(a)(6) of this title; or (ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement to the case; * * *.

5. § 507(a)(6)(A) and (C): The following expenses and claims have priority in the following order: (6) Sixth, allowed unsecured claims of governmental units, to the extent that such

Section 503(b)(1)(B) grants administrative expense status to any tax incurred by the estate, except a tax of a kind specified in § 507(a)(6). The South Carolina Tax Commission has liens of record for withholding taxes totaling $14,387.98 and sales and/or use taxes totaling $1,641.00. All of these taxes were incurred by the then debtor-in-possession after the filing of its petition for relief under Chapter 11 but prior to the conversion of the case to Chapter 7.

Section 503(b)(1)(B) is a new provision enacted as part of the Bankruptcy Reform Act of 1978. The legislative history gives this explanation of the legislative intent as it relates to taxes:

Subsection (b) [503(b)] specifies the kinds of administrative expenses that are allowable in a case under the bankruptcy code. The subsection is derived mainly from section 64(a)(1) of the Bankruptcy Act, with some changes. The actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case, and any taxes on, measured by or withheld from such wages, salaries, or commissions, are allowable as administrative expenses. The latter portion relating to taxes codifies in part *Otte v. United States,* 419 U.S. 43 [95 S.Ct. 247, 42 L.Ed.2d 212] (1974).

*House Report No. 95–595,* 95th Cong. 1st Session 355 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6311.

The Senate Report provides additional insight:

In general, administrative expenses include taxes which the trustee incurs in administering the debtor's estate, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate during the case.

*Senate Report No. 95–989,* 95th Cong. 2nd Session 66 (1978), U.S.Code Cong. & Admin. News 1978, 5852.

The language of the House and Senate Reports indicates that when the taxes are incurred by the trustee in administering the debtor's estate, such taxes are administrative expenses. The House Report specifically states that withholding taxes are administrative expenses and the Senate Report states that any taxes incurred by the trustee are administrative expenses. This is the view opined in 3 *Collier on Bankruptcy,* paragraph 503.04, pp. 503–22, 503–23, (15th Ed.1979):

Rather, it would seem likely that all that was meant was that to the extent a debtor's prepetition liability became a tax claim after the petition, it would not for that reason be given administrative expense status under 503(b)(1)(B). So, on the other hand, it would seem appropriate to suppose that Congress did not mean to deny administrative expense status to a tax claim incurred by the trustee as the result of the operation of the business or as a result of those things he found necessary to preserve the estate merely because the kind of tax incurred by the trustee is a tax given priority under section 507(a)(6).

The issue of whether taxes incurred by a debtor-in-possession after commencement of a Chapter 11 case but before conversion of the case to Chapter 7 are administrative expenses has already been addressed in *In re Westholt Manufacturing, Inc.,* 20 B.R. 368, 9 B.C.D. 181 (Bkrtcy.D.Kan.1982) wherein it is stated that:

post-petition taxes incurred by the estate, although within the kinds of taxes listed in Section 507(a)(6) may nevertheless be

---

claims are for—(A) a tax on or measured by income or gross receipts—(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240

days after such assessment was pending, before the date of the filing of the petition; or (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case; * * * (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

allowed as administrative expenses under Section 503(b).

*Id.* at 182, 20 B.R. 368.

Further support for this position is found in *Otte v. United States,* 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974). Although *Otte* does not address the precise issue before this Court, it does stand for the proposition that the trustee acquires the status of "employer" and, as such, is required to withhold taxes from the wages paid from the estate. In the instant case, the taxes were all incurred by the debtor-in-possession in the operation of the business after the commencement of the Chapter 11 case.

Because of the duties of the debtor-in-possession, as a trustee under § 1107(a), and because the taxes were incurred by the debtor-in-possession after commencement of the Chapter 11 case, such taxes are administrative expenses as set out in section 503(b)(1)(B).

It should be noted that no language in this order should be construed so as to alter the distribution of property of the estate as provided in § 726(b)[6].

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the claim of the South Carolina Tax Commission in the amount of $14,387.98 for withholding tax and $1,641.00 for sales and/or use tax is allowed in the amount filed as an administrative expense entitled to the priority afforded by section 503(b)(1)(B).

---

**6.** § 726(b): Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in a particular paragraph, except that in a case that has been converted to this chapter under section 1112 or 1307 of this title, administrative expenses incurred under this chapter after such conversion have priority over administrative expenses incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.