**In re BLUE RIBBON DELIVERY SERVICE, INC., Debtor.**

**Bankruptcy No. 38000021.**

United States Bankruptcy Court, W.D. Kentucky.

June 17, 1983.

Glenn L. Schilling, Louisville, Ky., trustee.

G. Hunter Logan, Jr., Louisville, Ky., for Central States.

Charles W. Kurtz, Harrodsburg, Ky., Dept. of Revenue.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

State withholding taxes accruing during the pendency of a Chapter 11 reorganization, prior to conversion of the case to a liquidation proceeding, are sought to be honored as an administrative expense by the motion under advisement.

Blue Ribbon Delivery Service, Inc., owes $5,473.19 in unpaid state withholding taxes for the first two calendar quarters of 1980, during which time it was in Chapter 11 before this Court. The Blue Ribbon petition was converted to one under Chapter 7 of the Bankruptcy Code on June 13, 1980.

The Kentucky Department of Revenue has filed a claim in the above amount, characterizing it as an administrative expense under 11 U.S.C. § 503(b)(1)(B)(i).

The Chapter 7 trustee takes no exception to the claim. It is, rather, contested by another claimant against the estate, the Central States Southeast and Southwest Areas Health and Welfare Fund and Pension Fund. Obviously there are insufficient funds to honor both claims.[1]

The union pension funds assert that the tax bill falls in the category of "allowed unsecured claims of governmental units," 11 U.S.C. § 507(a)(6), and therefore is only entitled to a sixth priority. We disagree.

Section 507(a)(6) deals with *prepetition* tax claims. The claim we are concerned with here involves a *postpetition*

---

1. The union pension funds, asserting in bankruptcy court a theory of "withdrawal liability" under otherwise applicable labor law, advanced a claim which, if honored, would have consumed the entire corpus of the bankrupt estate. We have recently dishonored that claim. *See* our Findings of Fact, Conclusions of Law and Order dated May 17, 1983, adopting the rule of rejection of prepetition withdrawal liability claims announced in *Matter of Kessler,* 23 B.R. 722 (Bkrtcy.S.D.N.Y.1983).

—that is, post-*Chapter 11* petition—tax liability. The difference is not only respected but demanded by the statutes.

Apparently the objecting party views the tax claim as arising "prepetition" by viewing the "petition" date as that of the conversion of the case, June 13, 1980. That view is incorrect. The operative date is that of the initial Order of Relief in Chapter 11 on January 3, 1980.

The tax claim would have been clearly allowable as an administrative expense if conversion had not occurred. If this case were still under Chapter 11, this objection likely would not even have been raised.

█ The fact of conversion alone does not alter the character of an administrative expense claim. If allowable in a Chapter 11 proceeding, it is equally allowable if the case thereafter changes chapters. Section 348(d) of the Bankruptcy Code mandates that result:

> "A claim against the estate or the debtor that arises after the (Chapter 11) order of relief but before conversion in a case that is converted under Section 1112 or 1307 of this title, *other than a claim specified in section 503(b) of this title,* shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." (Emphasis Supplied).

█ Section 348(d) has the effect of generally treating creditors' claims incurred during a Chapter 11 proceeding the same as prepetition debts, where the proceeding is subsequently converted to one under Chapter 7. The purpose of the statute is equality of treatment of claims before the Chapter 7 court. But the important exception is made by § 348(d) for administrative expenses incurred during the pendency of a subsequently converted Chapter 11 case. We therefore hold that an administrative expense claim for withholding taxes incurred during the pendency of a Chapter 11 proceeding retains its character as an administrative expense after a subsequent conversion to a liquidation case.

Two earlier courts have foreshadowed our result, although both either overlooked or chose to ignore the direct applicability of 11 U.S.C. § 348(d) to the question. To the extent that our decision today hinges exclusively on a conjunctive reading of § 348(d) with Sections 503(b) and 507(a) it is somewhat narrower in scope than *In re Westholt Manufacturing, Inc.*[2] and *In re EMC Industries, Inc.,*[3] although arriving at a compatible resolution.

In accordance with the foregoing, the Chapter 7 trustee is hereby authorized and directed to treat the claim of the Kentucky Department of Revenue in the amount of $5,473.19 as an administrative expense under 11 U.S.C. § 503(b). This is a final order.

**2.** 20 B.R. 368, 9 B.C.D. 181 (D.Kan.1982). The Court stated that in a converted case "post-petition taxes incurred by the estate, although within the kinds of taxes listed in Section 507(a)(6) may nevertheless be allowed as administrative expenses under Section 503(b)." Id. at 182. Despite that general observation, the court disallowed post-Chapter 11 confirmation taxes from administrative expense treatment, on the ground that after confirmation there was no "bankrupt estate" against which the taxes could be charged.

**3.** 27 B.R. 696, 10 B.C.D. 273 (Bkrtcy.D.S.C. 1983). *EMC Industries* is less than persuasive authority by virtue of its failure to specifically apply the "effects of conversion" described by § 348; nowhere does the opinion firmly establish the metamorphosis of tax claims from Chapter 11 administrative expenses to Chapter 7 administrative expenses.