**In re PERO BROTHERS FARMS, INC., Debtor.**

**Bankruptcy No. 87–00995–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 23, 1988.

Bush Ross Gardner Warren & Rudy, P.A., Jeffrey W. Warren, Tampa, Fla., for Official Creditors' Committee.

Daniel L. Bakst, West Palm Beach, Fla., for debtor.

Theodore A. Jewell, West Palm Beach, Fla., for Douglass E. Wendel, Examiner.

Damon & Morey, Mark W. Warren, William F. Savino, Buffalo, N.Y., for New York Trustee Roger E. Pyle.

Frederick C. Heidgerd, Ft. Lauderdale, Fla., Eugene J. Smolka, Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., for Norstar Bank.

Thomas L. David, Miami, Fla.

## ORDER DENYING CONVERSION AND RESERVING RULING ON DEBTOR'S MOTION TO CORRECT CLERICAL ERROR

THOMAS C. BRITTON, Chief Judge.

The motion (CP 150) of the New York trustee in opposition to the Notice of Conversion to Chapter 7 filed September 8 (CP 147a) was heard September 20. The motion also sought leave to correct a clerical error in the movant's confirmed plan. Consideration of that aspect of the motion is deferred to the hearing on the debtor's pending motion (CP 147b) for reconsideration of the Confirmation Order.

The Notice of Conversion was filed *after* confirmation of a creditor's plan. It was filed by the former debtor in possession which had opposed the creditor's plan.

For the reasons which follow, I agree with the New York trustee (the creditor proponent of the confirmed plan) that the debtor's statutory option under 11 U.S. C. § 1112(a) to convert this chapter 11 case to chapter 7 expired when this court entered the Confirmation Order of August 29 (CP 142). *In re Grinstead,* 75 B.R. 2 (Bankr.D.Minn.1985). I do not agree with the debtor that its motion under B.R. 9023 for reconsideration of the Confirmation Order, though timely, preserved its option to convert.

 

Section 1112(a) permits conversion by a chapter 11 debtor:

"unless (1) the debtor is not a debtor in possession."

There are two other exceptions not pertinent here.

The confirmation of this plan *immediately and automatically* vested title, possession and control of the debtor corporation and all of its assets in a Liquidator as provided in the plan. The 10–day stay against issuance of execution, which is provided by B.R. 7062, did not stay those provisions and no stay was either requested or granted under Rule 62(b), Fed.R.Civ. Proc., made applicable here by B.R. 7062, or under B.R. 8005, which provides for appellate stays. Therefore, the Notice of Conversion was filed after the debtor ceased to be a debtor in possession.

The filing of a motion for reconsideration under B.R. 9023, though it stayed the running of the time for appeal, did not stay the Confirmation Order. As stated at 11 Wright & Miller, *Federal Practice and Procedure,* § 2903:

"A post-trial motion, seeking a new trial or some similar kind of relief, does not stay the judgment."

The motion, like an appeal, merely preserves the possibility that the Order may subsequently be modified or vacated. It did not, therefore, preserve the debtor's status as a debtor in possession nor preserve the option for conversion.

■ Even if the foregoing considerations were not present, I am persuaded that this court, under the discretion granted in § 105(a), should deny conversion (or dismissal) by the debtor in possession as long as a non-debtor chapter 11 plan remains under the court's consideration.

Any other analysis would give a debtor in possession the power to veto or negate any plan it disapproves and, thereby, deprive creditors of *their* statutory right under § 1121(c) to file a plan and have that plan confirmed by the court. Such an absurd imbalance is nowhere suggested in the legislative history and could not have been contemplated by Congress.

The attempted post-confirmation conversion is denied.