**In re MARILL ALARM SYSTEMS, INC., Marrill Security Services, Inc., Eddy and Mirtha Marrill, Debtors.**

**Bankruptcy Nos. 85–02033–BKC–SMW, 85–02034–BKC–SMW and 85–02215–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 5, 1989.

See also, D.C., 81 B.R. 119.

Chad P. Pugatch, Ft. Lauderdale, Fla., for debtors.

Scott Itkin, Sp. Asst., U.S. Atty., Miami, Fla., for U.S.

### ORDER DENYING CONVERSION UNDER 11 U.S.C. § 1112(a)

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court on May 3, 1989 upon a notice of conversion filed by the above named debtors, pursuant to 11 U.S.C. § 1112(a), to convert a confirmed chapter 11 case to a chapter 7 case.

The debtors filed for relief under Chapter 11 of the United States Bankruptcy Code in September, 1985 and a plan of reorganization was later confirmed in May, 1987. The debtors now seek to convert this chapter 11 case to a chapter 7 case under 11 U.S.C. § 1112(a).

Under 11 U.S.C. § 1112(a) a debtor has an absolute right to convert a case under chapter 11 to a case under chapter 7 "unless (1) the debtor is not a debtor in possession." Accordingly, in order to qualify for the right to convert under § 1112(a) the debtor must be a debtor in possession. *In re Grinstead*, 75 B.R. 2, 3 (Bankr.D.Minn. 1985). The Court finds, however, that once a plan of reorganization is confirmed the debtor loses its status as a debtor in possession and is therefore no longer entitled to an automatic conversion under § 1112(a). *See Alabama Fuel Sales Company, Inc., v. Newpark Resources, Inc. (In re Alabama Fuel Sales Co., Inc.)*, 45 B.R. 365 (D.N.D.Ala.1985); *In re Grinstead*, 75 B.R. 2 (Bankr.D.Minn.1985); *In re Pero Brothers Farms, Inc.*, 91 B.R. 1000 (Bankr.S.D. Fla.1988).

Based upon the foregoing, it is hereby:

ORDERED AND ADJUDGED that the debtors attempt to convert a chapter 11 case to a chapter 7 case post-confirmation conversion is denied under 11 U.S.C. § 1112(a).

DONE AND ORDERED.