**UNITED STATES of America,**
**Appellant,**

v.

**Christopher REDMOND, Trustee,**
**Appellee.**

**Bankruptcy No. 82 1545.**

United States District Court,
D. Kansas.

Feb. 1, 1984.

Glen R. Dawson, Dept. of Justice, Tax Division, Washington, D.C., for appellant.

Christopher Redmond, Wichita, Kan., for appellee.

## MEMORANDUM AND ORDER

CROW, District Judge.

This bankruptcy case is before the district court on appeal from a final order of the bankruptcy court in *In re Westholt Manufacturing, Inc.,* 20 B.R. 368, 9 B.C.D. 181 (Bkrtcy.D.Kan.1982). This is a case of first impression interpreting the application of 11 U.S.C. § 503(b)(1)(B)(i) to determine the priority of unpaid taxes which accrued to a post-confirmation Chapter 11 debtor.

## FACTS

On October 5, 1979, the debtor, Westholt Manufacturing, Inc., filed for protection under Chapter 11 of the United States Bankruptcy Code (Code). An order confirming the debtor's amended plan of reorganization was entered on July 21, 1980. The debtor was unsuccessful and the case was subsequently converted to Chapter 7 liquidation on June 15, 1981.

After conversion of the case, the Internal Revenue Service filed claims for unpaid employment and unemployment taxes for which the reorganized debtor became liable after confirmation of the plan of reorganization and before the case was converted to a Chapter 7 liquidation. The IRS filed claims for administrative expenses for the unpaid taxes under 11 U.S.C. § 503(b)(1)(B)(i) which provides:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> any tax—
>
> incurred by the estate, except a tax of a kind specified in section 507(a)(6) of this title; . . . .

The trustee objected, contending that, at most, the IRS was entitled to a sixth priority under 11 U.S.C. § 507(a)(6) for an unsecured claim of a governmental unit for taxes required to be withheld.

The Honorable Robert B. Morton, United States Bankruptcy Judge (then Chief Judge), construed the provisions of the Code and held that post-confirmation employment and unemployment taxes incurred by the reorganized debtor were not administrative expenses entitled to a first priority under section 503(b), but were to be treated as prepetition debts entitled to a sixth priority under section 507(a)(6). *In re Westholt Manufacturing, Inc., supra.* Judge Morton's opinion is well reasoned and persuasive.

■ At first glance, it appears that section 503(b)(1)(B)(i) specifically denies administrative status to a post-petition tax incurred by the trustee or debtor in posses-

sion if the tax is of a kind included in section 507(a)(6). Clearly Federal employment and unemployment taxes are taxes required to be withheld and for which the debtor is liable for purposes of section 507(a)(6). A literal reading of the statute would preclude these kinds of taxes from ever being considered as administrative expenses. However, courts and commentators have rejected this interpretation. *In re EMC Industries,* 27 B.R. 696, 10 B.C.D. 273 (Bkrtcy.D.S.C.1983); *In re Westholt Manufacturing, Inc.,* supra; 3 Collier on Bankruptcy ¶ 503.04 (15th ed. 1980). The legislative history of section 503(b)(1)(B) demonstrates that Congress intended that

> [t]he actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case, and any taxes on, measured by or withheld from such wages, salaries, or commissions, are allowable as administrative expenses.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 66, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5852; H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 355, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6311. The Senate Report, *supra,* further states that "[i]n general, administrative expenses include taxes which the trustee incurs in administering the debtor's estate, ...." Therefore a post-petition tax incurred as an actual, necessary cost of preserving the estate may be promoted to administrative expense priority under section 503(b)(1)(B).

For purposes of determining when the taxes were incurred, it is the date the taxes accrued rather than the date of assessment which controls. *In re Scrap Disposal, Inc.,* 24 B.R. 178, 180 (Bkrtcy.S.D.Cal. 1982). In the instant case, the taxes accrued after the filing of the petition and are eligible for promotion to an administrative expense *if* they were incurred as an actual, necessary cost of preserving the estate.

Unless a reorganization plan provides otherwise, confirmation vests all of the property of the estate in the debtor and releases it from all claims and interests of creditors. See 11 U.S.C. § 1141(b) & (c). The IRS, as well as other post-confirmation creditors of the reorganized debtor, are no longer restrained by the automatic stay in bankruptcy which terminates when the property of the estate vests in the reorganized debtor upon confirmation. See 11 U.S.C. § 362(c). Since the bankruptcy estate is no longer being administered by the trustee or the debtor in possession, taxes which accrue post-confirmation are not incurred as actual, necessary costs and expenses of preserving the estate pursuant to section 503(b)(1)(B). Upon conversion of a Chapter 11 reorganization to a Chapter 7 liquidation, unpaid employment and unemployment taxes are treated the same as prepetition claims. See 11 U.S.C. § 348(d). Accordingly, they are entitled to a sixth priority under section 507(a)(6).

The government contends that the "estate" continues to exist from the commencement of the case, throughout the administering of the estate and until the closing of the case. Taxes incurred by the reorganized debtor, it is argued, should be entitled to treatment as administrative expenses. Under the facts of this case, the government's argument is not persuasive to the court. It is clear that upon confirmation of a plan of reorganization, property of the bankruptcy estate vests in the reorganized debtor, a new entity, and administration of the estate ceases. As such, the tax liability of the reorganized debtor was not incurred in administering the bankruptcy estate. As a post-confirmation creditor, the IRS is not without remedies in dealing with the reorganized debtor.

The judgment is AFFIRMED.