**In re Gary GRINSTEAD and Betty Lou Grinstead, Debtors.**

**Bankruptcy No. 3–84–1189.**

United States Bankruptcy Court, D. Minnesota.

Sept. 5, 1985.

Gary L. Marshall, Hoffman, Minn., for debtors.

James Lackner, Asst. U.S. Atty., Minneapolis, for U.S.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on motion by Debtors to convert this case to a Chapter 7 liquidation. Gary Marshall appeared representing the Debtors. James Lackner appeared representing the United States. The First National Bank of Osakis (Bank) filed written objections to conversion, but did not appear at the hearing. Based on the file and records, the Court makes this Order pursuant to the Rules of Bankruptcy Procedure.

## FACTS

On June 28, 1984, Gary and Betty Lou Grinstead filed for relief under Chapter 11 of the United States Bankruptcy Code. On June 29, 1985, this Court confirmed a liquidating plan submitted by the Bank. Under the terms of the proposed plan, all creditors will receive 100 percent of their allowed claims or return of the collateral securing their indebtedness. Debtors conceded at the hearing that unsecured creditors would not receive 100 percent of their claims if the case was liquidated under Chapter 7.

Debtors argue they have an absolute right to convert this case pursuant to 11 U.S.C. § 1112(a). The Bank argues that the Debtors lost the absolute right to convert the case when the Bank's liquidating plan was confirmed. The Bank contends that conversion under § 1112(a)(1) requires debtor in possession status which Debtors lost upon confirmation. The Bank argues further that the only available method for conversion is pursuant to § 1112(b). It objects to a § 1112(b) conversion on the grounds that it would not be in the best interests of creditors.

## DISCUSSION

The first issue that must be determined is whether the Debtors have an absolute right to convert under § 1112(a). This section reads:

> (a) The debtor may convert a case under this chapter to a case under Chapter 7 of this title unless—
>
> (1) *the debtor is not a debtor in possession;*
>
> (2) the case originally was commenced as an involuntary case under this chapter; or
>
> (3) the case was converted to a case under this chapter other than on the debtor's request. 11 U.S.C. § 1112(a) (1979 and supp. 1984) (emphasis added)

To qualify under § 1112(a), the Debtor must be a debtor in possession.

■ Debtor in possession is defined by 11 U.S.C. § 1101(1) as follows:

> 'debtor in possession' means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case; 11 U.S.C. § 1101(1) (1979 and supp. 1984)

The term "debtor in possession" is intended to refer to a debtor who during the pendency of a case prior to confirmation retains property in the fiduciary capacity of a trustee of the estate.

■ Once a plan of reorganization is confirmed, the bankruptcy estate ceases to exist unless the plan specifically provides otherwise, and all estate property revests in the debtor subject to the terms and conditions imposed by the plan. *See* 11 U.S.C. § 1141(b). There is no debtor in possession status of a debtor post confirmation. *See United States v. Redmond,* 36 B.R. 932 (D.Kan.1984); *Alabama Fuel Sales Co., Inc. v. Newpark Resources, Inc. (In re Alabama Fuel Sales Co., Inc.),* 45 B.R. 365 (N.D.Ala.1985). The rights and duties of creditors and the debtor are determined by the confirmed Chapter 11 plan; there is no estate; and accordingly, no fiduciary.

■ Additional support for this reasoning is found in 11 U.S.C. § 1104(a). That section reads in pertinent part:

**4**

> At any time after the commencement of the case *but before confirmation of a plan,* on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee —11 U.S.C. § 1104(a) (1979 and supp. 1984) (emphasis added)

Congress, recognized that there is no need for any entity to serve in a fiduciary capacity after confirmation. The Court finds that the Debtors are no longer debtors in possession. They do not meet the requirements under § 1112(a) for automatic conversion.

■ 11 U.S.C. § 1112(b) permits conversion when it, "is in the best interests of the creditors and the bankruptcy estate". The Bank's liquidating plan guarantees 100 percent payment for all unsecured creditors and payment in full or return of collateral to secured creditors. Debtors admitted that estate assets would be insufficient to satisfy 100 percent of the outstanding claims in the case if it were converted and liquidated under Chapter 7. Clearly, it is not in the best interests of the creditors in this estate to convert this case to a Chapter 7 liquidation.

IT IS ORDERED Debtors' motion to convert this case to a Chapter 7 liquidation is denied.