**In re W.R.M.J. JOHNSON FRUIT FARM, INC. Debtor.**

**Bankruptcy No. 86–21164.**

United States Bankruptcy Court, W.D. New York.

Nov. 8, 1989.

Allan Bentofsky, Auburn, N.Y., for debtor.

Thomas Farstad, Elmira, N.Y., for Marine Midland Bank.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on the Chapter 11 debtor's motion asking the Court to order Marine Midland Bank, N.A., (hereinafter Marine), to release a lien it holds on property of the debtor known as the Smith Farm. W.R.M.J. Johnson Fruit Farm, Inc., (hereinafter Johnson), filed its petition for relief on September 9, 1986 and its plan of reorganization was confirmed by order on December 20, 1988.

Part of the order confirming the plan provides:

> "ORDERED, that the debtor may sell 35 acres of the Smith Farm for the price and upon the terms set forth in a purchase offer dated August 7, 1988, free and clear of allliens [sic] and encumbrances; and that the Clerk of the County of Schuyler shall enter upon the docket of judgments a release of the lien of any *judgment* [emphasis added] against the real property of the debtor."

Johnson sought to sell the property pursuant to the plan. The proposed buyer, however, would not complete the sale until Marine's lien was removed. Marine refuses to release the lien it holds on the property.

Article VIII of the plan states that "[o]n Confirmation, Debtor shall be vested with its assets, subject only to outstanding liens in favor of creditors in Classes 4, 5, 6, 7, *and 8.*" (emphasis added). Class 8 is defined as "[t]he claims of all other creditors as well as secured creditors to the extent that the value of their security is less than their claim (under secured creditors)." Ma-

rine is a member of Class 8.[1]

Marine's position is simply that neither the order of confirmation nor the plan has done anything to disturb its lien. The plan specifically called for Class 8 creditors to retain their liens and the order called only for the release of judgments.

■ Johnson puts forth two arguments to support its contention that the Court has the power to order Marine to release the lien it holds on the property. The first is based on 11 U.S.C. § 363(b)(1) and (f)(2).[2] Johnson asserts § 363(b) allows a debtor-in-possession, after notice and a hearing, to sell, other than in the ordinary course of business, property of the estate, 11 U.S. C.S. § 363(b) (Law.Co-op.1985), and under § 363(f)(2) the sale of such property may be done free and clear of Marine's lien if done with Marine's consent. 11 U.S.C.S. § 363(f)(2) (Law.Co-op.1985).[3] However, Marine has never affirmatively consented to such a sale. Johnson seeks to overcome this by asserting that Marine's failure to file a proof of claim or to object to the plan constitutes implied consent.[4] This argument is without merit. This is evidenced by the Debtor's failure to cite any case law that would support such a proposition and no case law has been found that supports it. Further, it is questionable whether § 363(b) is applicable once a plan has been confirmed in a Chapter 11 case. Section 363(b) speaks of the trustee's right to sell property of the estate. Once a plan has been confirmed, there is no longer a trustee and no longer an estate. "It is clear that upon confirmation of a plan of reorganization, property of the bankruptcy estate vests in the reorganized debtor, a new entity, and administration of the estate ceases." *U.S. v. Redmond*, 36 B.R. 932, 934 (D.C.Kansas 1984); *In re Wood*, 47 B.R. 774 (Bankr.W.D. Wisconsin 1985).

Johnson next argues that once a plan is confirmed § 1141 overrides § 363 of the Code. Section 1141 of the Code in pertinent part provides:

Effect of Confirmation.

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

■ Johnson argues that upon confirmation of a plan all property owned by a debtor vests in the debtor free and clear of all liens and encumbrances. § 1141(b) and (c). Therefore, upon confirmation, Smith Farm vested free and clear of liens and encumbrances in Johnson. There is no

---

1. There are three mortgages on the Smith Farm property. The first is held by Federal Land Bank in the amount of $15,200 plus interest. The second is held by Farmers Home Administration in the amount of $84,579.20 plus interest. Marine's mortgage is in excess of $130,000. Marine was placed in Class 8 with the unsecured creditors because the value of the property is far exceeded by the amount of liens making Marine undersecured.

2. In its brief, the Debtor concedes that none of the other four options available under § 363(f) to sell property free and clear of any liens or interest is applicable in this case. 11 U.S.C.S. § 363(f)(1), (3), (4) and (5) (Law.Co-op.1985).

3. Section 363(b) speaks only of a trustee's right to sell property of the estate. A debtor-in-possession is given the same power to act as a trustee wtih limited exceptions that do not apply here.

4. The Debtor assets that no proof of claim was filed by Marine in this case. This is incorrect. Marine is listed as a secured creditor in the amount of $120,000 on Johnson's schedule of creditors filed on September 8, 1986. Under § 1111(a), a proof of claim is deemed to have been filed.

need to gain Marine's consent because § 1141 takes precedent of § 363. Marine may not now collaterally attack the plan by objecting to the sale when it did not object to the plan. Finally, that both creditors and the debtor are bound by the plan. § 1141(a). This is only a partially correct statement of the law. After confirmation of a plan, the property vests in a debtor free and clear of all claims and interest "... except as otherwise provided in the plan or in the order confirming the plan ..." § 1141(c). Thus, if the plan or order confirming the plan provides for something other than the property vesting in the debtor free and clear of all claims or interests, then the debtor takes the property subject to the restraints the plan or order confirming the plan provides. The order of confirmation clearly states that the only liens which will be removed are judgment liens and does not refer to mortgage liens.[5] Marine holds a collateral mortgage lien. The plan clearly states that Class 8 creditors would retain their liens. Marine is a Class 8 creditor. Therefore, confirmation of the plan did not vest the Smith Farm property in the Johnson free and clear of all claims and interest but rather vested it in the Johnson subject to Marine's collateral mortgage lien.

For the reasons set forth above, Johnson's motion to have the Court compel Marine to release its liens on the Smith Farm is denied. It is so ordered.

---

5. While it is true that the plan does call for Smith Farm to be sold free and clear of all liens and encumbrances, the Order confirming the plan only called for the removal of judgment liens.