Matthew E. Wilkens, Holleb & Coff, Chicago, Ill. for T.S.P. Industries, Inc.

**In re T.S.P. INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 85 B 10221.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 9, 1990.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The United States Trustee has moved to convert or dismiss this confirmed chapter 11 case pursuant to 11 U.S.C. § 1112(b). The U.S. Trustee has requested that this case be converted to a case under chapter 7, rather than dismissed, so that a trustee can investigate the Debtor's activities and determine whether it owns any assets "which could be liquidated for the benefit of creditors." Memo. of U.S. Trustee, 2. The Court finds that dismissal, and not conversion, would be in the best interest of the creditors because a chapter 7 trustee could not liquidate any assets he or she might locate.

## FACTS

The Debtor, T.S.P. Industries, Inc., filed a chapter 11 petition in 1985. This Court confirmed its amended plan of reorganization on August 10, 1988. Neither the plan nor the order confirming the plan specifies a remedy for a default under the confirmed plan.

The post-confirmation report filed pursuant to Bankruptcy Rule 2015(b) reflects that the Debtor made full payment to all priority creditors and made the first payment due under the plan to unsecured creditors in December, 1988. Since then, however, the Debtor has defaulted on his payments under the plan. Based on the default by the Debtor, the U.S. Trustee moved to have this case dismissed or converted to a case under chapter 7.

## DISCUSSION

At the hearing on the U.S. Trustee's motion, the U.S. Trustee strongly urged conversion, rather then dismissal. Although the U.S. Trustee knows of no assets now in the hands of the Debtor, the U.S. Trustee wants a chapter 7 trustee to investigate the Debtor's activities and search for assets, including any claims the Debtor may have. At that and subsequent hearings, the Court expressed its considerable doubts about the wisdom of converting a chapter 11 case after a plan has been confirmed. In response, the U.S. Trustee filed a memorandum of law in support of conversion. Again, the U.S. Trustee asserts that the benefit creditors would derive from conversion would be the liquidation of any assets, including claims, a trustee might discover. The problem with that assertion is that, upon confirmation, the Debtor became owner of all property formerly in its bankruptcy estate, and a chapter 7 trustee would have no authority to liquidate assets or standing to sue on a claim now owned by the Debtor.

## THE POWER TO CONVERT A CASE.

Section 1112(b) of the Bankruptcy Code provides:

> Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter [*i.e.*, chapter 11] to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> .    .    .    .    .
>
> (8) material default by the debtor with respect to a confirmed plan.

11 U.S.C. § 1112(b)(8).

Under section 1112(b), a court must first decide whether "cause" exists to convert or dismiss a case. It is undisputed here that the Debtor has materially defaulted on its confirmed plan. Therefore, this Court finds that there is cause to convert or dismiss the case.

■ Now this Court must determine whether dismissal or conversion is in the best interest of the creditors and the estate. Courts have wide discretion in deciding whether or not to dismiss or convert a case. *See In re Jartran, Inc.*, 71 B.R. 938, 943 (Bankr.N.D.Ill.1987), *aff'd*, 886 F.2d 859 (7th Cir.1989). To decide whether conversion would be in the best interest of the creditors, the ramifications of conversion need to be explored.

## THE EFFECTS OF CONVERSION TO CHAPTER 7.

■ The effects of converting a confirmed chapter 11 case are not readily apparent from a quick reading of the Bankruptcy Code. To fully understand what would happen if this case were to be converted to chapter 7, we need to start at the beginning of the case.

*Commencement of a Case.* A case under the *United States Bankruptcy Code* is commenced by filing a petition with the bankruptcy court and the commencement of a voluntary case constitutes an order for relief. 11 U.S.C. § 301. The commencement of a case creates an estate. 11 U.S.C. § 541(a). The estate that is created consists of all the debtor's legal and equitable interests in property at the commencement of the case, any interest in property that the trustee recovers under the avoiding power provisions of the Bankruptcy Code and any interest in property that the estate acquires after the commencement of the case. 11 U.S.C. § 541(a).

Unless a trustee is appointed in a chapter 11 case, the debtor, as a debtor in possession, has the rights, power and duties of a trustee. 11 U.S.C. § 1107(a). In that capacity, the debtor, like a trustee, "is the representative of the estate." 11 U.S.C. § 323(a). *See In re Grinstead*, 75 B.R. 2, 3 (Bankr.D.Minn.1985) ("debtor in possession is intended to refer to a debtor who during the pendency of a case prior to confirmation retains property in the fiduciary capacity of a trustee of the estate.")

Another important result of the commencement of a bankruptcy case is that it triggers the automatic stay under 11 U.S.C. § 362(a). That stay generally prohibits any act to obtain an interest in, or possession

of, property of the estate (11 U.S.C. § 362(a)(2)–(4)), and any act to enforce or collect claims against the debtor (11 U.S.C. § 362(a)(1) and (5)–(8)). But the stay is not perpetual. "[T]he stay of an act against property of the estate ... continues until such property is no longer property of the estate;" and the stay against any other act, including acts against the debtor or property of the debtor, "continues until ... the time a discharge is granted or denied." 11 U.S.C. § 362(c).

Effects of Confirmation. Section 1141 of the Bankruptcy Code, 11 U.S.C. § 1141 (emphasis added) defines the effect of confirmation as follows:

(a) ... the provisions of a confirmed plan bind the debtor ... and any creditor.

(b) Except as otherwise provided in the plan or the order confirming the plan, *the confirmation of a plan vests all of the property of the estate in the debtor.*

(c) Except as otherwise provided ... in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors.

(d)(1) Except as otherwise provided ... in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation.

What is most important here is the effect of confirmation on the property of the estate. Once a plan has been confirmed, "in the absence of any contrary provisions in a plan title to property revests in the debtor along with normal ownership rights." *Matter of Ford,* 61 B.R. 913, 917 (Bankr.W. D.Wis.1986). The debtor is then no longer a debtor in possession and the bankruptcy estate ceases to exist unless the plan provides otherwise. *E.g. In re W.R.M.J. Johnson Fruit Farm, Inc.,* 107 B.R. 18, 19 (Bankr.W.D.N.Y.1989) ("It is clear that upon confirmation of a plan of reorganization, property of the estate vests in the reorganized debtor ... and the administration of the estate ceases.") citing *U.S. v. Redmond,* 36 B.R. 932, 934 (D.C.Kansas

1984); *In re Grinstead,* 75 B.R. at 3 ("The rights and the duties of creditors and the debtor are determined by the confirmed chapter 11 plan; there is no estate; and accordingly, no fiduciary,"); *but see, Abbott v. Blackwelder Furniture Co.,* 33 B.R. 399 (D.N.C.1983).

Another effect of confirmation, although not expressly stated in section 1141, is that the automatic stay is terminated. This is so because, as noted above, (1) the stay that protects property of the estate ends when that property is no longer property of the estate, which occurs when the property vests in the debtor upon confirmation; and (2) the stay that protects the debtor and property of the debtor ends when the debtor is discharged, which also happens upon confirmation under section 1141(d). See page 4, above.

A confirmed plan can only be revoked under section 1144 of the Bankruptcy Code. *In re Longardner & Associates, Inc.,* 855 F.2d 455, 460 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989). Section 1144 allows revocation only in very limited circumstances:

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.

11 U.S.C. § 1144.

In this case, the Debtor's plan was confirmed more than 180 days ago, and the U.S. Trustee does not assert that T.S.P. fraudulently procured confirmation. Therefore, section 1144 is not applicable, and confirmation cannot be revoked.

Effect of Conversion. The question before this Court is whether conversion will benefit creditors and the estate. The U.S. Trustee says that it will because a chapter 7 trustee would be able to liquidate assets. But would he?

A chapter 7 trustee can "collect and reduce to money the property of the estate", 11 U.S.C. § 704(1), but there is nothing that authorizes a trustee to liquidate any other property. There are no provisions in the

Bankruptcy Code that provide for the recreation of an estate upon the post-confirmation conversion of a confirmed chapter 11 to a case under chapter 7. Put another way, once property has vested in the Debtor, conversion will not revest that property in the estate.

Section 348 of the Code provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of a case, or the order for relief.

11 U.S.C. § 348. An estate is created at the commencement of a case (section 541) and the date of the commencement (section 301) is not changed by conversion; therefore a new estate is not created at the time of conversion. In holding that a conversion order is not the same as the filing of a petition, the Eleventh Circuit said:

Although a petition commences a case, and the commencement of a case constitute an order for relief, we cannot say, as a matter of law or logic, that an order for relief is the same thing as a petition. Each element—petition, commencement of the case, and an order for relief under a given chapter—plays its own role in the complex scheme of the Bankruptcy Code.

*In re State Airlines, Inc.,* 873 F.2d 264, 269 (11th Cir.1989). In accord, *Vogel v. Russell Transfer, Inc.,* 852 F.2d 797, 800 (4th Cir.1988) (conversion did not affect the date of the commencement of the case for purposes of fixing the trustee's power to avoid preferences); but, see *In re Hoggarth,* 78 B.R. 1000, 1002 (Bankr.D.N.D. 1987) ("the preference period under section 547 commences on the date of conversion

as against any post-confirmation transfers of non-plan creditors.") Therefore, the conversion of this case to a case under chapter 7 would not create a new estate or convert property of the Debtor into property of the estate. *Cf. In re Myrvold,* 44 B.R. 202 (Bankr.D.Minn.1984), *aff'd,* 784 F.2d 862 (8th Cir.1986) (property acquired post-chapter 11 petition did not become property of the estate upon conversion to chapter 7).[1]

This conclusion is also consistent with the cases holding that confirmed chapter 11 plans do not become ineffective as a result of conversion, and property distributed under a plan should not be redistributed. *See, e.g., Matter of Ford,* 61 B.R. 913, 916 (Bankr.W.D.Wis.1986) ("Nor does the fact that a case is converted to a chapter 7 following the failure of a confirmed plan result in the nullifications by the parties or orders of the court which occurred during the pendency of the unsuccessful plan."); *In re Kaleidoscope of High Point, Inc.,* 56 B.R. 562, 564 (Bankr.M.D.N.C.1986) ("Absent unusual circumstances, the disbursements in the chapter 11 case are final.")

Finally, nothing in the Code would reinstate the automatic stay upon conversion. *See State Airlines,* 873 F.2d at 269 ("A conversion order does not trigger section 362.")

Based upon this reading of the Bankruptcy Code, the "benefit" the U.S. Trustee argues that creditors would get from conversion turns out to be illusory. Since a chapter 7 trustee could sell only property of the estate and sue only on the estate's claims for relief, and since even after conversion there would be no property of the estate, the trustee could not benefit creditors in the way envisioned by the U.S. Trustee. Furthermore, without the protection of the automatic stay, nothing would prevent individual creditors from compet-

---

**1.** One authority to the contrary is *Abbott v. Blackwelder Furniture Co.,* 33 B.R. 399, 402 (D.N.C.1983). *Abbott* equates conversion with the filing of a new chapter 7 petition. But, as the Eleventh Circuit suggests in *State Airlines,* section 348 cannot be read so liberally. An estate is created by the commencement of a case, 11 U.S.C. § 541(a), and "[c]onversion ...

does not effect a change in the date of filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). The *Abbott* court's reasoning that conversion is like a new petition, of course, would effect exactly such a change in dates as is prohibited by section 348.

ing with a rather toothless trustee for whatever property there may be.

But the U.S. Trustee argues for a different construction of the Bankruptcy Code, and argues that a chapter 7 trustee could administer all of the Debtor's assets, both pre- and post-confirmation. The U.S. Trustee argues that Sections 1112(b) and 1141(b) of the Bankruptcy Code are in conflict. Sections 1112(b)(7) and (8) expressly allow for the conversion of a confirmed chapter 11 case, and to allow Section 1141(b) (which provides for the vesting of property of the estate in the debtor) to control, would render Sections 1112(b)(7) and (8) nullities.

The U.S. Trustee may be right that Congress intended that a confirmed chapter 11 plan may be converted, but only if conversion, rather than dismissal, would be in the best interests of the creditors. But that does not render section 1112(b) and section 1141 in conflict. For one thing, section 1141 provides only that the property of the estate vests in the debtor at confirmation except as otherwise provided in the plan or the order confirming the plan. Where the plan provided for conversion and the retention of jurisdiction over the property in the event of default, one court held that conversion was appropriate. *Matter of Iberis International, Inc.*, 72 B.R. 624, 626 (Bankr.W.D.Wis.1986).

Post-confirmation conversion of a chapter 11 case also may be in the best interest of the creditors when there is a preference or a fraudulent conveyance that occurred before the commencement of the chapter 11 proceeding and the debtor currently has no significant assets. In that situation the power to avoid the questionable transaction would be lost if the case were dismissed. But if the case were converted, the chapter 7 trustee could exercise his or her powers to recover property that, under 11 U.S.C. § 541(a)(3), would become property of the estate for the benefit of creditors.

Since there are circumstances under which it would be in the best interest of creditors to convert a confirmed chapter 11 case, there is no conflict between sections 1112 and 1141. Moreover, no such conflict could give rise to an inference sufficient to warrant ignoring the plain language of section 1141.

### CONCLUSION

Conversion of this case would not be in the best interests of the creditors because the chapter 7 trustee would not have any assets to distribute to the creditors. The Court finds that cause exists to dismiss this case and that dismissal would be in the best interest of the creditor.

An appropriate order will be entered dismissing this case.