**In re T.S.P. INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 85 B 10221.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 18, 1990.

108

Dean C. Harvalis, Richard C. Friedman, Office of the U.S. Trustee, Chicago, Ill.

Matthew E. Wilkens, Holleb & Coff, Chicago, Ill. for T.S.P. Industries Inc.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The United States Trustee has requested the Court to alter its judgment and, instead of dismissing this case, enter an order converting it to a case under Chapter 7. The Debtor opposes this motion. For the reasons explained below, the U.S. Trustee's motion will be denied.

This Court's memorandum opinion attempted to explain that the fundamental problem with converting a Chapter 11 case after plan confirmation is that none of the property of the Debtor or the former Chapter 11 estate would become property of the Chapter 7 estate. 117 B.R. 375. This is a question of title to property. Unless it is clear that a Chapter 7 estate would have an interest in property of the Debtor or the former Chapter 11 estate, there may be no reason to convert the case. Indeed, doing so would run the risk of creating competing claims to the same property, clouding title and engendering more litigation. If the case is dismissed, however, creditors remain free to pursue such other remedies as may be in their best interests, which might include a new, involuntary Chapter 7 petition free of those problems and non-bankruptcy proceedings to reach the Debtor's property.[1]

In response to this reasoning the U.S. Trustee's motion asserts two reasons why it is wrong and one reason why even if it isn't wrong, the case should be converted. (1) The Court's rationale for dismissal misconstrues and overlooks applicable provisions of both the Bankruptcy Code and

1. This is not to suggest that creditors must wait until dismissal before pursuing those remedies, but only that dismissal does not deprive creditors of any meaningful remedies, given this Court's view that conversion may not be a meaningful remedy.

Rules. (2) The Court overlooks applicable case law. (3) Even accepting the Court's reasoning, a trustee ought to be appointed to search for bankruptcy claims.

■ The U.S. Trustee states that our opinion has turned the factual test called for in section 1112(b), the best interests of creditors and the estate, into an irrebuttable legal presumption that dismissal is always in the best interest of those entities. This is a misreading of the opinion. Far from positing an irrebuttable legal presumption, the opinion clearly mentioned two possible situations in which conversion might be in the best interest of creditors: when the plan provides for conversion and the retention of jurisdiction over the property, and when there is a preference or fraudulent conveyance that may be recovered. Nor does the opinion suggest that these two situations exhaust the possible scenarios in which conversion would be in the best interest of creditors. Moreover, the U.S. Trustee does not deny that the effect of provisions of the United States Bankruptcy Code may be relevant to the factual determination required by section 1112(b).

■ The U.S. Trustee further argues that the fact that the property of the estate vests in the debtor at confirmation does not mean that upon conversion there is no property of the estate. His analysis is that because section 348(a) does not change the date of a case's commencement, and because under section 541(a) the property of the estate is determined as of the date of the commencement, it follows that upon conversion an estate exists and that it consists of whatever interests in property the Debtor had as of the date of commencement. In fact, that conclusion does not follow at all. Under section 541, commencement of a case creates an estate comprised of certain property. But section 541 does not say anything about what happens to that property thereafter. Property of the estate may, for example, be sold under section 363 or abandoned under section 554. And it may vest in the Debtor under

section 1141. When it does so, "title to property revests in the debtor along with normal ownership rights" and is then no longer property of the estate. *Matter of Ford*, 61 B.R. 913, 917 (Bankr.W.D.Wis. 1986) (post-confirmation transfers not transfers of property of the estate). Nothing in section 348 reverses the effect of a sale or abandonment. Upon confirmation, all property of the estate vests in the debtor, and nothing in section 348 changes that either.

■ The U.S. Trustee next points to several sections of the Bankruptcy Code and the Bankruptcy Rules that he claims conflict with our opinion. These include sections 1112(a) and (b) of the Bankruptcy Code and Rules 2015(a)(6), 3020(d) and 1019(6). In none of these cases is the U.S. Trustee's argument persuasive. Section 1112(a), which allows a debtor in possession to convert a case, does not apply post-confirmation because the debtor then is no longer a debtor in possession. The U.S. Trustee argues the contrary by referring to section 1101(1), which defines "debtor in possession" to mean the debtor, unless a trustee has been appointed. Nothing in the Bankruptcy Code says that the debtor stops being a debtor in possession upon confirmation. But our opinion on this point follows a line of cases that emphasize that after confirmation there is no debtor in possession status. "The debtor is then [upon confirmation] no longer a debtor in possession and the estate ceases to exist, unless the plan provides otherwise." *In re NTG Industries, Inc.*, 118 B.R. 606 (Bankr. N.D.Ill.1990). See also, *United States v. Redmond*, 36 B.R. 932, 934 (U.S.D.C. D.Kan.1984); *In re W.R.M.J. Johnson*, 107 B.R. 18, 20 (Bankr.W.D.N.Y.1989); *In re Grinstead*, 75 B.R. 2, 3 (Bankr.D.Minn. 1985); *Matter of Ford*, 61 B.R. at 917. If this were not true, a post-confirmation debtor would continue to be subject to the duties of a trustee. See 11 U.S.C. § 1107(a). For example, the debtor could not, without Court approval, hire or pay a professional. 11 U.S.C. §§ 327, 330.[2]

---

**2.** Similarly, if property of the estate remained property of the estate after confirmation, the

Debtor would need to comply with sections 363

The U.S. Trustee's interpretation of Rule 3020(d) is also wrong. As the Advisory Committee's Note says, "Subdivision (d) clarifies the authority of the Court to conclude matters pending before it prior to confirmation and to continue to administer the estate as necessary, *e.g.*, resolving objections to claims." That authority is not inconsistent with the notion that post-confirmation conversion does not re-vest property in the estate.

The U.S. Trustee may well be correct that the other Code sections and Rules can be construed in ways that are out of harmony with our opinion in that they presume the post-confirmation existence of a debtor in possession, which in turn suggests property of the estate to be in possession of. But in those cases the possible implication that the estate continues to have property after confirmation is marginal to the purpose of the section or rule. For example, the Rule 2015(a)(6) requirement that the debtor in possession file a post-confirmation report does not depend on whether there is any property of the estate. Any legislative act as long and complex as the Bankruptcy Code is bound to have inconsistencies. The problem confronting us here is how to deal with such inconsistencies. "A fundamental rule of statutory construction is that a specific statute prevails over an ambiguous or even an inconsistent general statute." *In re Mahaner*, 34 B.R. 308, 309 (Bkrtcy.W.D.N.Y.1983). Section 1141 deals specifically with the effect of confirmation; section 348 deals specifically with the effect of conversion. The statutes cited by the U.S. Trustee treat these issues only generally or in passing. Section 1112 does deal with conversion, but it details the conditions under which conversion is permitted, not with the effects of conversion. Because the decision in this case depends upon the effect of confirmation and the effect of conversion, the sections that deal with those effects, sections 1141 and 348, are of primary importance.

Our opinion is not only consistent with, but necessarily follows from, sections 1141 and 364 of the Bankruptcy Code before using,

and 348, the two sections that specifically address the issue at hand. Section 1141 vests the property in the debtor upon confirmation; section 348 lists the effects of conversion. Had the drafters of the Bankruptcy Code wanted to revest property in the estate upon conversion, section 348 was the place to do it. The fact that they chose not to do so leads to the inevitable conclusion that they did not want to revest property in the estate. Indeed, despite individual provisions that suggest the contrary, the Bankruptcy Code as a whole seems to reflect an intent that reorganized debtors become largely independent of the bankruptcy court and subject to non-bankruptcy laws, remedies and jurisdiction.

The U.S. Trustee also questions our conclusion with respect to the automatic stay. He does not disagree that the stay terminates upon confirmation, and, as the opinion pointed out, there is nothing in section 348 that recreates the stay. *In re State Airlines*, 873 F.2d 264, 269 (11th Cir.1989). The U.S. Trustee argues, however, that the automatic stay is an injunction which can be reimposed for cause. Under Bankruptcy Rule 7001, however, an injunction may be issued only in an adversary proceeding, and no adversary proceeding has been filed in this case.

The U.S. Trustee next complains that our opinion referred only in passing to *In re Jartran*, 886 F.2d 859 (7th Cir.1989), and asks that we distinguish it from the instant situation. In fact, there is little to distinguish. *Jartran* dealt with the possibility of filing a second Chapter 11 after the failure of the first. As the U.S. Trustee points out, *Jartran* does indicate that conversion is a meaningful alternative to dismissal. There is nothing in our opinion that contradicts this. The U.S. Trustee seems to read our opinion as forever precluding the possibility of conversion. It does not; it simply states that because conversion does not recreate the estate, the best interests of creditors is not always, and is not here, satisfied by conversion. Our opinion in no way conflicts, explicitly or implicitly, with *Jartran*. Finally, it is selling, leasing or encumbering that property.

worth noting that in *Jartran*, 886 F.2d 859, the Seventh Circuit affirms *In re Jartran, Inc.*, 71 B.R. 938 (Bkrtcy.N.D.Ill.1987). In that case, the court first explained, "What constitutes 'cause' for dismissal is a matter of judicial discretion[;] the Court is not required to give exhaustive reasons for its decision whether or not to convert a case," *Id.* at 943. The Court then went on to reject the option of conversion. *Id.* at 945.

Our response is similar in regard to *In re Sportspages Corp.*, 101 B.R. 528 (N.D.Ill. 1989), in which the court ruled that the debtor's second chapter 11 filing did not resurrect the creditor's discharged claim. The U.S. Trustee points out that the implication in *Sportspages* is that conversion is not a meaningless remedy. Again, there is nothing in our opinion to suggest that. The Court in *Sportspages* suggested that under some circumstances conversion would be the proper course, and we fully agree. It is not, however, the proper course in the instant case.

The U.S. Trustee's final point is that while this Court recognizes that the existence of avoidance actions might be cause for conversion, it received no evidence on whether, in this case, such causes of action exist and, if so, would benefit creditors. In this five year old case, the Debtor has filed schedules and a statement of financial affairs; there has been a meeting of creditors pursuant to 11 U.S.C. § 341; the Debtor filed monthly operating reports before confirmation pursuant to the U.S. Trustee's requirements and Bankr. R. 1007(b); a disclosure statement has been sent to all creditors; there has been a hearing on notice to all creditors on confirmation of the Chapter 11 plan; the Debtor filed a post-confirmation report pursuant to Bankr. R. 2015 of the disbursements under the plan; and all creditors were notified of the U.S. Trustee's motion to dismiss or convert this case. Yet no fact has ever been brought to this Court's attention to suggest that there might be a live possibility of avoiding any transactions for the benefit of creditors, and no such allegation was made in the original motion. Moreover, preference or fraudulent conveyance actions (the most

likely avoidance actions in this or any other case) would necessarily involve transactions before the 1985 filing of the bankruptcy petition. The likelihood that such a claim exists and is still worth pursuing is not great.

Neither the motion to alter the Court's prior judgment nor the original motion to convert or dismiss should be used as a pretext for a fishing expedition, especially when the lake looks so barren. The mere possibility that a claim might be found is not reason enough to convert a case, appoint a trustee and incur administrative expenses that will almost certainly never be paid. That result would not be in the best interests of creditors or the estate.

For the above reasons, an Order will be entered denying the U.S. Trustee's Motion to Alter Judgment.