**In re K & M PRINTING, INC., Debtor.**

**Bankruptcy No. B–95–07005–PHX–GBN.**

United States Bankruptcy Court,
D. Arizona.

July 30, 1997.

---

Edwin P. Lee, AZ, for Trustee.

Franklin K. Gibson, Gibson, Matheson, Weber, Lallis & Puklin, Mesa, AZ, for Debtor.

## ORDER

GEORGE B. NIELSEN, Jr., Chief Judge.

This case commenced on August 9, 1995 as a Chapter 11 proceeding. A plan was confirmed on September 26, 1996. Administrative docket no. 189. The debtor in possession moved to convert the case to a Chapter 7 liquidation on April 2, 1997. The trustee has filed a motion to determine what assets belong to the liquidation estate. In the alternative, the trustee requests that if the Court determines the liquidation estate has no assets, that the case be dismissed. The motion has been noticed to all parties and creditors. No objections or responses were filed.

The Court concludes that the mere conversion of a Chapter 11 case with a confirmed plan does not automatically create assets for the Chapter 7 estate, unless a provision in the plan or confirmation order so directs.

I

Except as otherwise provided in the Chapter 11 plan or in the confirmation order, plan confirmation vests all estate property in debtor. 11 U.S.C. § 1141(b). Another effect of confirmation is termination of the automatic stay. *In re T.S.P. Industries, Inc.*, 117 B.R. 375, 377 (Bankr.N.D.Ill.1990).

Although the effect of converting a case with a confirmed Chapter 11 plan is not clearly delineated, *State of Ohio, Dept. of Taxation v. H.R.P. Auto Center. Inc., (In re H.R.P. Auto Center, Inc.)*, 130 B.R. 247, 256 (Bankr.N.D.Ohio 1991), the Code does provide that conversion constitutes an "order for relief" under the chapter to which the case is converted. 11 U.S.C. § 348(a). However, this "order for relief" does not create a new bankruptcy estate. An estate is created at the commencement of a case. The date of commencement is not changed by conversion. *In re T.S.P. Industries, Inc.*, 117 B.R. at 378.

■ When converted from Chapter 11 to Chapter 7, property of the estate is determined by the Chapter 11 petition filing date, not by the conversion date. *Magallanes v. Williams (In re Magallanes)*, 96 B.R. 253, 255 (9th Cir.BAP 1988).

Although a petition commences a case, and the commencement of a case constitutes an order for relief, we cannot say, as a matter of law or logic, that an order for relief is the same thing as a petition. Each element—petition, commencement of a case, and order for relief under a given chapter—plays its own role in the complex scheme of the Bankruptcy Code.

*British Aviation Insurance Company, Ltd. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 269 (11th Cir.1989).

■ In short, there are no Code provisions that revest estate property upon post-confirmation conversion of a Chapter 11 case. Once property has vested in the debtor, conversion does not revest that property into a Chapter 7 estate. *In re T.S.P. supra* at 377–78.

## II

However, a line of cases rejects this reasoning. The Nevada District Court observes that the reasoning of *T.S.P.* "would virtually eliminate the power of courts to convert confirmed plans, a power which is expressly granted in section 1112(b)(7–9), and it would grant courts the power to nullify the revesting of the estate in the debtor under section 541 by explicitly retaining jurisdiction over a particular plan." *Smith v. John Peter Lee, Ltd., (In re Smith)*, 201 B.R. 267, 273 (D.Nev.1996). *Smith* found persuasive the rationale of cases such as *In re Calania Corp.*, 188 B.R. 41 (Bankr.M.D.Fla.1995).

In *Calania*, the issue was whether the trustee could open post-conversion mail of the debtor. The Florida Court noted "it would be utterly pointless to make a provision for the conversion of an aborted Chapter 11 case to a Chapter 7 case if by virtue of Section 1141 there would not be any assets for the Chapter 7 trustee to administer." 188 B.R. at 43. Instead, that court found that a careful reading of the Code permitted only one conclusion:

that properties which were subject to the confirmed plan that is properties in which the Debtor had a cognizable legal or equitable ownership interest on the date of confirmation will be properties of the estate in a Chapter 7 case, but properties which are clearly acquired by the Debtor post-confirmation will not be subject to administration by the Chapter 7 trustee.

*Id.* at 43.

As explained by *Smith:*

The only interpretation of the interplay of sections 348, 541, 1141 and 1112(b) that is consistent with the plain language of 1112 is the interpretation of the *Calania* court. Section 348, which provides that the date of commencement of a plan does not change upon conversion simply means that property constituting the estate of the debtor is determined as of the date of commencement. When a plan is converted, this is the only property that the court has jurisdiction over. A court would not look at property acquired after confirmation in determining the estate for purposes of conversion to Chapter 7.

201 B.R. at 274.

## III

■ Respectfully, this Court concludes the first view is better reasoned. What *Smith* doesn't analyze is the fact debtor is discharged and the rights of debtor and creditor altered by the confirmed plan. The plan is binding and *res judicata.* Parties may seek enforcement of plan rights in nonbankruptcy forums. If the case is converted to Chapter 7 and the remaining pre-confirmation assets are property of a new estate, does the trustee follow the distribution scheme of section 726 or the binding provisions of the judicially approved plan? If section 726 is chosen, this has the effect of revoking confirmation without the limitations placed on the revocation power by section 1144.

■ The notion that section 1112(b) is rendered meaningless under the first view is incorrect. First, the Code specifically provides that the Court may convert or dismiss a case "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b). It may not be in the best interest of creditors and the estate to convert a case without assets to administer. However, if

the plan or confirmation order expressly provides for revesting upon conversion, or particular circumstances justify conversion (e.g., avoidable prepetition transfers exist), then conversion can be in the creditors' best interest. *See In re T.S.P. Industries, Inc.,* 117 B.R. at 379.

The argument that *T.S.P. Industries* purports to grant courts power to nullify revesting of estate property in the debtor by explicitly retaining jurisdiction over a plan, *In re Smith,* 201 B.R. at 273, ignores Section § 1141(b): " '*Except as otherwise provided in the plan or the order confirming the plan,* the confirmation of a plan vest all of the property of the estate in the debtor.' " 11 U.S.C. § 1141(b) (emphasis added). Thus, it is the Code itself which offers this power.

The present plan provides that upon confirmation all property vests in debtor, except for specific items to be returned by debtor. Plan of Reorganization at 17, administrative docket no. 104. There is no provision directing that upon conversion, the Court retains jurisdiction over debtor's property. Accordingly, there is no estate property to administer and conversion is in no party's interest.

### IV

The trustee's motion is granted in the alternative. This case is dismissed.