## In re FAMILY HEALTH FOOD U.S.A. INC., Debtor.

**Patricia DZIKOWSKI, Trustee, Plaintiff,**

v.

**SOUTHTRUST BANK OF FLORIDA, N.A., Defendant.**

Bankruptcy No. 96–30067–BKC–SHF.

Adversary No. 98–3058–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida, West Palm Beach.

July 28, 1998.

Eric S. Glatter, Boca Raton, FL, for Debtor.

Patricia Dzikowski, Lauderhill, FL, trustee.

Roy S. Kobert, Broad and Cassel, Orlando, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on July 7, 1998, for consideration of the motion of SouthTrust Bank of Florida ("SouthTrust") for summary judgment. The parties agree that there are no disputed issues of fact. Having considered the argument of counsel and for the reasons set forth below, the Court grants SouthTrust's motion for summary judgment.

In January, 1996, the Debtor, Family Health Foods U.S.A., Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. During the course of the proceeding, the Debtor made payments under a promissory note to the secured creditor, SouthTrust, in the amount of $9,569.43. In June, 1996, the case was converted to a case under Chapter 7 and the Chapter 7 Trustee, Patricia Dzikowski (the "Trustee") was appointed. The Trustee contends that these post-petition payments were improper as being made without court authorization and are avoidable pursuant to 11 U.S.C. § 549.

The Trustee argues that pursuant to Section 549, a creditor, secured or other-

wise, must obtain authorization from the Court to receive such payments post-petition or risk the forfeiture of money received to the Chapter 7 Trustee. Section 549 provides–

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate–
>
>> (1) that occurs after the commencement of the case; and
>>
>> (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
>>
>>> (B) that is not authorized under this title or by the court.

Courts unequivocally agree that payments received through a Chapter 11 plan before a case is converted are not recoverable as post-petition transfers. However, courts which have considered the avoidability of payments made before confirmation of a plan have been less clear and their reasoning has been varied. In a recent case, *In re Michelle's Hallmark Cards & Gifts, Inc.*, 219 B.R. 316 (Bankr.M.D.Fla.1998), Judge Proctor considered whether payments made post-petition to a creditor were recoverable. In that case, the court first determined that the creditor was not properly perfected, and accordingly, that the Chapter 7 trustee had a superior interest in the property. The court concluded–

> Because the trustee has priority over the defendant's security interest, postpetition payments to the defendant are unauthorized under the Bankruptcy Code. Furthermore, the payments were not authorized by this Court because an order entitling the defendant to adequate protection was never issued.

*Id.* at 323. This statement is a bit unclear. It appears from the second sentence of the quote that even had the creditor's interest been properly secured, the Court would have required an adequate protection order to be in effect before recognizing the propriety of post-petition payments. However, because the circumstances in that case are different than those *sub judice,* this Court reaches a different conclusion on the issue at hand.

This issue was squarely addressed in *In re Ford,* 61 B.R. 913 (Bankr.W.D.Wis.1986). In that case, like this one, the debtor continued to make payments to its secured creditor post-petition, without court authorization. The court concluded that because Section 1108 authorizes a debtor to continue to operate his business, he may continue to make payments to secured creditors. The Court notes that "[t]he use of funds by the debtor to keep current on his secured debt was, in the absence of any proof to the contrary, a proper exercise of the power to operate the business under section 1108." *See also Habinger, Inc. v. Metropolitan Cosmetic and Reconstructive Surgical Clinic, P.A.,* 124 B.R. 784, 786 (D.Minn.1990); *In re Maun,* 95 B.R. 94, 95 (Bankr.S.D.Ill.1989). This Court agrees with *Ford,* and determines that payments made in the ordinary course of a debtor's business to a secured creditor after a Chapter 11 bankruptcy petition is filed and before a chapter 11 plan is confirmed are allowed by Section 1108 and are not avoidable post-petition transfers. Accordingly, it is

ORDERED that SouthTrust's motion for summary judgment is granted.