In re Wayne "Tom" TEIGEN, Soc. Sec. No. 503–46–6045 and Pamela Teigen, Soc. Sec. No. 503–50–8500, Debtors.

Bankruptcy No. 96–10055.

United States Bankruptcy Court,
D. South Dakota,
Northern Division.

Dec. 18, 1998.

Curt R. Ewinger, Aberdeen, SD, for debtors.

Ronald J. Hall, Aberdeen, SD, for Duininck Brothers and United Fire & Casualty Company.

MEMORANDUM OF DECISION RE: OBJECTIONS TO CLAIMS OF UNITED FIRE AND CASUALTY COMPANY (# 55) AND DUININCK BROTHERS, INC. (# 56)

IRVIN N. HOYT, Chief Judge.

The matters before the Court are the Trustee's objections to the claims of the Duininck Brothers, Inc., and United Fire and Casualty Company. These are core proceedings under 28 U.S.C. § 157(b)(2). This Memorandum of Decision and subsequent orders shall constitute the Court's findings and conclusions under F.R.Bankr.P. 7052. As set forth below, the Court concludes that the

Duininck Brothers' and United Fire and Casualty Company's respective claims should be estimated under § 502(c) and that the allowed amount of their claims is the amount stated on their proofs of claim less the present value of the total payments they have or will receive under the confirmed Chapter 11 plan in *In re Teigen Construction, Inc.*, Bankr.No. 96–10054 (Bankr.D.S.D.).

## I.

Wayne "Tom" and Pamela Teigen (Debtors) filed a Chapter 11 petition on March 15, 1996. A companion Chapter 11 case of Teigen Construction, Inc., was filed the same day (Bankr.No. 96–10054). Several of the construction company's debts had been personally guaranteed or indemnified by Debtors.

A reorganization plan for the construction company was confirmed on August 25, 1997. It provided that the Duininck Brothers, Inc.'s (Duininck Brothers') claim of $160,744.52, which was secured by the Little Dean Asphalt recycling machine and some realty owned by Debtor Wayne Teigen, the guarantor, is to be paid over five years at 10% interest. The Duininck Brother's unsecured claim of $325,000.00 is to be paid 10% of their total claim over ten years. The confirmed plan stated that the amount of United Fire and Casualty Company's (United Fire's) claim was unknown but that it would be paid 25% of its claim over ten years. On September 18, 1997, United Fire filed proof of an unsecured, non priority claim of $477,742.35.

On September 9, 1997, Debtors' case was converted from Chapter 11 to Chapter 7. Duininck Brothers filed a timely proof of a general unsecured claim of $321,750.00 based on Debtors' guaranty of the construction company's debt. United Fire filed a timely proof of a general unsecured claim of $477,742.35 based on Debtors' indemnification of the construction company's debt. Chapter 7 Trustee William J. Pfeiffer filed objections to several claims, including those of the Duininck Brothers and United Fire, on the grounds that the claims had been or would be paid in full or in part through the construction company's confirmed Chapter 11 plan. The Trustee wanted to reduce Duininck Brothers' claim to $292,500.00 and he wanted to reduce United Fire's claim to $358,306.76. The Duininck Brothers and United Fire both responded to the Trustee's objections to their claims. They each argued that their unsecured claims in the Chapter 7 case should not be reduced except to the extent of payments *already received* from the construction company.

A hearing was held October 27, 1998. Appearances included Trustee William J. Pfeiffer and Ronald J. Hall for both the Duininck Brothers and United Fire. Attorney Hall's arguments reiterated that the full amount of his clients' claims, except to the extent already paid through the construction company's Chapter 11 plan, should be considered in the Chapter 7 case. Trustee Pfeiffer argued that the Duininck Brothers' and United Fire's claims should be paid in the Chapter 7 only to the extent that their claims remain unpaid after *all* the Chapter 11 plan payments. The matter was taken under advisement.

## II.

Under 11 U.S.C. § 502(c), certain claims, including unliquidated claims,[1] may be estimated provided that, if the case were delayed to allowed the liquidation to occur, the liquidation would unduly delay the administration of the case. 11 U.S.C. § 502(c)(1); *Interco Inc. v. ILGWU National Retirement Fund (In re Interco Inc.)*, 137 B.R. 993, 997 (Bankr.E.D.Mo.1992). Section 502(c)'s purpose is to "further the requirement that all claims against a debtor be converted into dollar amounts." *Id.* (citing H.R.REP. No. 95–595, S.REP. 95–989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5851, 6310). The estimation is only for purpose of allowance in the bankruptcy case. *Id.* at 999. The process does not result in a liquidated, non bankruptcy claim. *Id.*

---

1. "Contingent" claims are also covered under § 502(c). Duininck Brother's and United Fire's claims, however, are not contingent because their present right to payment from Debtor has been established without objection by the Trustee, *see Potter v. CNA Insurance Co. (In re MEI Diversified, Inc.)*, 106 F.3d 829, 832 (8th Cir. 1997) (discussing contingent claims), and there is no extrinsic or future event or condition that must occur to create Debtors' liability. *See, e.g., Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 532 (9th Cir.1998) (cites therein). Here, only the amount of each claim is undetermined.

When considering whether the delay would be "undue," a court considers all the circumstances in the case and, in particular, how long the liquidation process would take compared with the uncertainty due to the contingency in question. *Id.* (citing 3 COLLIER ON BANKRUPTCY ¶ 502.03, p. 502–73 (15th ed.1991)). The costs and benefits associated with both liquidation and estimation also should be considered. *In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D.Mich.1997). Although liquidation of a claim may take longer, the delay is only undue if it is unjustifiable. *Id.*

When considering whether a claim is unliquidated a court generally looks to whether the claim's value has been determined or the relative ease with which that valued can be determined. *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 304 (2nd Cir.1997) (cites therein). If the amount is readily ascertainable, it is a liquidated debt. *Id.* (quoting in part *In re Knight* 55 F.3d 231, 235 (7th Cir.1995)). Only the amount of the liability, not its existence, is in question. *Id.* (quoting *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir.1996)).

In estimating the value of an unliquidated claim, the court has broad discretion. *Ryan v. Loui (In re Corey)*, 892 F.2d 829, 834 (9th Cir.1989) (cites therein). The valuation of an unliquidated claim under § 502(c) should be tailor-made to the circumstances. *Colorado Mountain Express, Inc. v. Aspen Limousine Service, Inc. (In re Aspen Limousine Service, Inc.)*, 193 B.R. 325, 327 (D.Colo.1996); *Sentinel Federal Credit Union v. United States (In re Tunnissen)*, 216 B.R. 834, 838 (Bankr.D.S.D.1996). The result should reflect the purpose of the valuation and the proposed distribution or use of any collateral. *Laws v. United Missouri Bank of Kansas City, N.A.*, 188 B.R. 263, 269 (W.D.Mo.1995) (citing *In re Trimble*, 50 F.3d 530, 531 (8th Cir.1995)).

### III.

Duininck Brothers and United Fire are correct that the amount they will receive on their unsecured claims under the construction company's Chapter 11 plan is uncertain. While specific repayment amounts have been approved, what amounts will actually be paid is unknown. Consequently, the amount of their claims in this case based on Debtors' guaranties or indemnification of the construction company's debts is unliquidated.

As unliquidated claims, the Court has authority under § 502(c) to estimate them using an appropriate valuation method. That appears to be the best course of action here. The construction company's Chapter 11 plan payments to Duininck Brothers and United Fire will not be complete for several years. To wait that long to see what remains for Debtors to pay under their guaranty or indemnity agreements with the Duininck Brothers and United Fire is too long. Other creditors' payments would be delayed unnecessarily.

While their respective agreements with Debtors allow them to collect their full claims against Debtors, in estimating the claims under § 502(c), the Court cannot ignore that these two claims are scheduled to be paid in part through the construction company's confirmed Chapter 11 plan. The Court's failure to recognize those payments would unfairly penalize other unsecured creditors in this case, especially when the Duininck Brothers and United Fire retain the ability to enforce their Chapter 11 plan treatment agreement outside the bankruptcy arena. *In re K & M Printing, Inc.*, 210 B.R. 583, 585 (Bankr.D.Ariz.1997). In contrast, the unsecured creditors in this Chapter 7 case have only the Trustee's funds to look for payment. Accordingly, the Court will limit the value of the Duininck Brothers' and United Fire's claims to the full amount of the respective debts in this case [2] less the amounts *paid or to be paid* under the construction company's confirmed Chapter 11 plan. *See Butler Machinery, Inc. v. Haugen (In re Haugen)*, 998 F.2d 1442, 1448 (8th Cir.1993) (amount due on judgment debt, established on alter ego theory, in corporate principal's bankruptcy case was reduced by

**2.** It is possible that the Duininck Brothers and United Fire could have been entitled to interest on their full claims in this Chapter 7 case although they were not entitled to interest in the

amount paid on judgment in corporation's bankruptcy case).

The present value of those total Chapter 11 plan payments must be calculated before they are deducted from the totals in the proof of claim provided by the Duininck Brothers and United Fire. Otherwise, the Duininck Brothers and United Fire would receive less then their *pro rata* share of available funds because the several years' delay in their receipt of payments under the Chapter 11 plan would not be recognized monetarily. *See* 11 U.S.C. § 502(b); *Pension Benefit Guaranty Corp. v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.)*, 150 F.3d 1293, 1300 (10th Cir.1998) (all claims for future payment must be reduced to present value to insure relative equality with claims paid at time of bankruptcy). Attorney Hall should consult with Trustee Pfeiffer to determine the present value of the Chapter 11 payments. Trustee Pfeiffer shall then prepare appropriate orders sustaining his objections to the Duininck Brothers' and United Fire's claims as provided herein.

construction company's Chapter 11 case. *See* 11 U.S.C. § 726(a)(5) and *Haugen*, 998 F.2d at 1448. However, there are insufficient funds here to permit the trustee to pay interest on the unsecured claims.